# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MARTIN IBN-RUBAIN BENCOMO

    Plaintiff,

    v.

FIRST HOSPITAL PANAMERICANO

    Defendant.

Civil No. 20-1105 (ADC)

## ORDER

On February 24, 2020, plaintiff Martin Ibn-Rubain Bencomo, appearing *pro se*, filed a motion to proceed *in forma pauperis* and a complaint. **ECF Nos. 1, 2**. Plaintiff's confusing and convoluted arguments seemingly point to discontent with defendants' handling of his psychiatric treatment. The complaint and its accompanying memorandum, however, are simply illegible, unintelligible and fail to comply with the basic pleading tenets. *Rivera-Crespo v. González-Cruz*, No. 13-1004, 2015 U.S. Dist. LEXIS 29773, *5 (D.P.R. Mar. 9, 2015) ("[p]laintiff's allegations are presented in a confusing, illegible and unintelligible manner. The court not only is under no obligation to interpret such a petition but is not in a position, from its face, to evaluate whether Plaintiff has suffered any deprivations of his constitutional rights.")

Since plaintiff proceeds *in forma pauperis*, the Court may *sua sponte* dismiss the case at any time for failure to state a claim on which relief can be granted. *Mandry-Mercado v. Fingerhut-Mandry*, No. 16-2229, 2017 U.S. Dist. LEXIS 217885, *2 (D.P.R. Jan 26, 2017) (citing 28 U.S.C. §

1915(e)(2))[1]. Likewise, courts may dismiss a "complaint *sua sponte* under Rule 8(a) which provides that a complaint 'must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ,' see Fed. R. Civ. P. 8(a); and under Rule 12(b)(6), which permits a court to dismiss an action *sua sponte* '[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile . . . .' *Id.* at 2-3 (citing *González-González v. United States*, 257 F.3d 31, 37 (1st Cir. 2001)).

It is well settled that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Rivera-Crespo*, 2015 U.S. Dist. LEXIS 29773 at *5 (dismissing complaint where no factual statements could be found to sustain the same, in clear violation of Fed. R. Civ. P. 8(a)).

Considering plaintiff appears *pro se* and in the interest of justice, upon a careful review of plaintiff's complaint the Court finds that he does not set forth any specific allegations of facts establishing standing to file the instant suit or a clear or specific request for relief. Namely, this Court "cannot discern the factual basis, legal theories, or grounds for jurisdiction upon which

---

[1] Section 1915(e)(2) provides: … (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— (A) the allegation of poverty is untrue; or (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted…

Plaintiff relies", *Mandry-Mercado*, 2017 U.S. Dist. LEXIS 217885 at *3. Moreover, the complaint "provides no notice of the potential claims asserted against Defendants because it fails to state a specific cause of action, the specific relief sought, or if and why this Court has jurisdiction." *Id.* Consequently, *sua sponte* dismissal is proper.

Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 20th day of May, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**